UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OSCAR ALEXANDER PADILLA
ORELLANA,

        Petitioner,

    v.                                      Case No.: 2:25-cv-01195-SPC-NPM

WARDEN, GLADES COUNTY
DETENTION CENTER *et al.*,

        Respondents,
_____/

**OPINION AND ORDER**

    Before the Court are Oscar Alexander Padilla Orellana's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 8), and Padilla Orellana's reply (Doc. 11). For the below reasons, the Court grants the petition.

    Padilla Orellana is a native and citizen of Honduras. He has been in immigration detention at the Glades County Detention Center since November 19, 2025. Padilla Orellana claims he is entitled to a bond hearing as a member of the class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), *amended and superseded by* 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025). The *Maldonado Bautista* court defined the class as follows:

> **Bond Eligible Class:** All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

2025 WL 3713987, at *32. The court found DHS's policy of categorically denying bond hearings to the class members unlawful, vacated the policy, and entered declaratory judgment in the class's favor.

The parties disagree on Padilla Orellana's membership in the class. The respondents argue Padilla Orellana is not a member because he was apprehended upon arrival. As evidence, they point to a Department of Homeland Security ("DHS") form titled Record of Deportable/Inadmissible Alien, dated November 19, 2025. The "Immigration History" section of the form states, "On April 01, 2017, subject was arrested by United States Border Patrol (USBP) near Sasabe, AZ and processed as a WA/NTA." (Doc. 8-1 at 2). Padilla Orellana disputes this account. He claims he crossed the Arizona border without arrest in April 2016 and first encountered Immigration and Customs Enforcement ("ICE") on June 16, 2024. ICE arrested Padilla Orellana, issued a NTA, and released him with instructions to report to immigration court on May 5, 2026.

The weight of evidence before the Court supports Padilla Orellana's version of events. There is no contemporaneous record of a 2017 arrest or

2

notice to appear ("NTA"), and the respondents acknowledge they do not have any sworn statements to rebut Padilla Orellana's version of events. (Doc. 12). What is more, DHS did issue a NTA on June 16, 2024. (Doc. 11-2 at 3). Padilla Orellana likely is a member of the *Maldonado Bautista* class. But even if he is not, the Court finds him entitled to habeas relief.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Padilla Orellana. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Padilla Orellana asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in recent cases that presented the same issues, *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

3

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Padilla Orellana's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Padilla Orellana has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Court will thus order the respondents to either bring Padilla Orellana before an immigration judge for a bond hearing or release him within ten days. The Court is aware that the Executive Office for Immigration Review ("EOIR") is the agency that schedules bond hearings. In other cases before this Court, the respondents have claimed they cannot direct the EOIR when to conduct a bond hearing. Regardless, subjecting Padilla Orellana to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Padilla Orellana receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Oscar Alexander Padilla Orellana's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)   **On or before January 16, 2026** the respondents shall either (1) bring Padilla Orellana for an individualized bond hearing before an immigration judge or (2) release Padilla Orellana under reasonable conditions of supervision.  If the respondents release Padilla Orellana, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)   The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on January 6, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1